**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SUSAN GORDON,

                                     Plaintiff,

                        - against -

TARGET CORPORATION,

                                  Defendant.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

CV 14-2599 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff Susan Gordon ("Plaintiff" or "Gordon") brings the instant action against Defendant Target Corporation ("Defendant" or "Target") seeking damages for personal injuries she sustained while shopping at Defendant's store located in Hicksville, New York. *See generally* Complaint [DE 1].[1] Pending before the Court is Defendant's letter motion [DE 30] seeking to stay disclosure of the surveillance footage capturing the incident which allegedly resulted in Plaintiff's injuries. Specifically, Defendant seeks to stay disclosure until after Plaintiff has been deposed. Plaintiff has filed a response opposing Defendant's motion. For the reasons set forth below, Defendant's motion is DENIED.

**II.    RELEVANT BACKGROUND**

The Court held a Status Conference with the parties on January 12, 2015. *See* DE 28. During that conference, Plaintiff indicated that she would be seeking the surveillance footage from the Target store in which Plaintiff claims she was injured. *Id.* ¶ 3. In response, Defendant asserted that in accordance with prevailing case law, it was not required to disclose the video footage until

---
[1] This action was initially filed in the Supreme Court of the State of New York on March 11, 2014. *See* DE 1. On April 24, 2016, Defendant removed the state court action to this Court based upon diversity grounds. *Id.*

after Plaintiff's deposition. *Id*. The Court advised Defendant's counsel to provide the Court with relevant case law supporting Defendant's position and further afforded Plaintiff the opportunity to respond. *Id*. On January 14, 2015, Defendant submitted its motion. *See* DE 30. Thereafter, on January 18, 2015, Plaintiff's counsel filed the opposition. *See* DE 31.[2]

### III. DISCUSSION

#### A. Defendants' Motion to Stay Disclosure of Surveillance Video

Defendant asserts that "Target has disclosed the existence of th[e] video to plaintiff's counsel in its Initial Disclosure. It is Target's intention to use the video for impeachment of the plaintiff at the time of trial." DE 30 at 1. As such, Defendant takes the position that it be permitted to "withhold disclosure of the surveillance video [] of the plaintiff on the date of the accident out of concern that plaintiff may tailor her testimony based on what it will reveal." *Id*. In support of its argument, Defendant cites case law within this Circuit which Defendant maintains stands for the proposition that "surveillance materials do not have to be disclosed until after the deposition of the affected party." *Id*. at 2. In sum, Defendant theorizes that "in balancing the competing interests of the parties with respect to disclosure of surveillance films it is appropriate to delay discovery until after the plaintiff testifies at a deposition." *Id*.

In response, Plaintiff states that the cases upon which Defendant relies, although relevant, "did not make the necessary preliminary determination of 'good cause' in issuing protective orders, as required by Rule 26." DE 31 at 1. Further, Plaintiff asserts that Defendant's "contentions are merely conclusory allegations, unsupported by any particular and specific demonstration of fact" and that, as such, "Target should produce the video "[i]n light of the fact

---

[2] Following the parties' submissions, the Court received further unsolicited correspondence from the parties concerning this pending motion. *See* DE 32 (Plaintiff's letter requesting status of the motion); DE 36 (letter from Defendant's counsel advising the Court of relevant case law regarding the instant motion) and DE 37 (Plaintiff's further letter requesting status).

that the defendant's only reason for requesting that plaintiff be deposed prior to the completion of discovery is the risk that plaintiff will tailor [her] testimony, absent any facts to justify this suspicion." *Id*. (quoting *Rofail v. United States*, 227 F.R.D. 53, 54-55 (E.D.N.Y. 2005)) (alterations in original).

### 1. *Applicable Law*

"A trial court enjoys wide discretion in its handling of pre-trial discovery. *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir. 1992); *see Baker v. Orleans County,* 96-CV-0503, 1997 WL 436703, at *1, (W.D.N.Y. July 21, 1997) ("District courts are given reasonable latitude and discretion to establish a priority or to fashion an appropriate sequence of the discovery to be performed in each case."); *Rofail v. United States*, 227 F.R.D. 53, 54 (E.D.N.Y. 2005) ("It is within [the judge's] discretion to time document production."); *Lang v. Wal-Mart Stores, Inc.*, No. CV 15-2528 (E.D.N.Y. July 17, 2015) (Slip Op.) at 2 (recognizing that "it is well within a magistrate judge's broad discretion to time document production."); *see also* Fed. R. Civ. P. 26(d) ("Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice . . . methods of discovery may be used in any sequence[.]"). It follows that "whether or not disclosure should be delayed is a matter of the court's discretion." *Costa v. AFGO Mech. Servs., Inc.*, 237 F.R.D. 21, 23 (E.D.N.Y. 2006).

Where a party seeks to delay discovery pending the completion of a deposition, Rule 26(c) prescribes that the party seeking relief "may move for a protective order in the court where the action is pending. . . ." Fed. R. Civ. P. 26(c)(1); *see Costa*, 237 F.R.D. at 23 ("[A] party seeking to delay discovery of a witness statement until after a deposition may seek a protective order from the court. . . ."). Further, a party is not free to unilaterally withhold production without court

3

authorization. *Id*. The burden is on the moving party to establish the need for a protective order. *Id*.; *see Mitchell v. Fishbein*, 227 F.R.D. 239, 244-45 (S.D.N.Y.) (finding that Rule 26(c) "places the burden on [the] movant to show good cause" for the protection requested) (internal quotation omitted), *aff'd upon reconsideration,* No. 01 CV 2760, 2005 WL 1572158 (S.D.N.Y. July 1, 2005); *Giladi v. Albert Einstein Coll. of Med.*, No. 97 CV 9805, 1998 WL 183874, at *1 (S.D.N.Y. Apr.15, 1998) (holding that movant had not sustained his burden of demonstrating that delayed production of audiotape until after depositions was warranted).

Generally, the Court may issue a protective order where "good cause" has been established. *See* Fed. R. Civ. P. 26(c)(1); *Rofail*, 227 F.R.D. at 54 (noting that Rule 26(c) affords the court the ability to "order a stay of discovery or provide other protections to the moving party, including ordering discovery take place in a particular sequence."); *Costa*, 237 F.R.D. at 23. A party may meet its burden to establish good cause by setting forth "particular and specific facts." *Rofail*, 227 F.R.D. at 54; *see also Costa*, 237 F.R.D. at 23 ("Where a specific showing of good cause has been made, Rule 26(c) authorizes the court to issue a protective order."). Ultimately, "[t]he grant and nature of protection is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion. . . ." *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992); *see Rofail*, 227 F.R.D. at 55.

### 2. *Application to the Facts*

In the instant case, Defendant ostensibly seeks a protective order pursuant to Rule 26(c) staying the discovery of the surveillance video until after Plaintiff has been deposed because of the possibility that "plaintiff *may* tailor her testimony based on what it will reveal." DE 30 at 1 (emphasis added). However, Defendant does not point to any specific facts or circumstances that

have arisen thus far in the litigation which support this position. Rule 26(c) is clear that a court may issue a protective order upon a showing of good cause. *See* Fed. R. Civ. P. 26(c)(1). However, "mere conclusory statement[s] that a party might tailor its testimony to the statement does not establish good cause." *Rofail*, 227 F.R.D. at 59; *see Costa*, 237 F.R.D. at 23 (finding that "plaintiff's mere conclusory allegation [ ] is insufficient to establish good cause") (internal quotations and citation omitted) (alteration in original). Indeed "no case describes the possibility that a plaintiff might tailor testimony to a prior statement as good cause pursuant to Rule 26(c)[.]" *Rofail*, 227 F.R.D. at 59. To countenance the withholding of relevant evidence — even for a short period — would run counter to the over-arching purpose of the federal discovery rules which were designed to encourage liberal pre-trial disclosure in order to ensure that the crucible of a trial is "less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S. Ct. 983, 986, 2 L. Ed. 2d 1077 (1958); *see also Daniels v. Nat'l R.R. Passenger Corp.*, 110 F.R.D. 160, 161 (S.D.N.Y. 1986); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir. 1985); *Schlesinger Investment Partnership v. Fluor Corp.*, 671 F.2d 739, 742 (2d Cir. 1982); *Koster v. Chase Manhattan Bank,* 93 F.R.D. 471, 474 (S.D.N.Y. 1982).

In support of its position that the stay of disclosure is warranted, Defendant primarily relies on cases that adopted, without discussion of the "good cause" standard set forth in Rule 26, the "common practice . . . for courts to grant stays of production of the statements of parties (and other investigative materials) until after the party has been deposed." *Rofail*, 227 F.R.D. at 55. *See, e.g.*, *Poppo v. AON Risk Servs, Inc.*, No. 00 Civ 4165, 2000 WL, 1800746, at *1 (S.D.N.Y.

Dec. 6, 2000) (noting only that courts within the Second Circuit have "delayed production of audio or video tapes prior to one or more depositions" and "declining to deviate from these precedents."); *Brannan v. Great Lakes Dredge & Dock Co.*, No. 96 CIV. 4142, 1998 WL 229521, at *2 (S.D.N.Y. May 7, 1998) (recognizing that "defendant is entitled to lock in plaintiff's position on his condition as of the time of the videotapes prior to giving plaintiff access," but providing no discussion as to whether the defendant established good cause for such a delay in production); *Daniels v. Nat'l R.R. Passenger Corp.*, 110 F.R.D. 160, 161 (S.D.N.Y. 1986) (recognizing that "it may be appropriate to require disclosure of such impeachment materials only after the depositions of the plaintiff or other witnesses to be impeached, so that their testimony may be frozen" and finding, without discussing good cause, that such a "procedure is appropriate here"); *Caruso v. Target Corporation*, No. 12-2341 (E.D.N.Y. May 22, 2013) (Slip Op.) at 1 (declining to address the good cause standard and instead noting that "[t]his court agrees with the widely held view that . . . it is appropriate to delay discovery until after the plaintiff testifies at a deposition").

Defendant has provided this Court with no independent factual basis to determine whether a stay is warranted other than the spectre that Plaintiff "may tailor her testimony." DE 30 at 1. Without any such showing, as the court in *Rofail* astutely noted, "if courts routinely grant stays because parties cite the possibility of tailoring in a request for a stay, making the request [itself] creates good cause . . . [which constitutes] a change in the rules to which [the court] will not contribute." Indeed, even in the case of *Lang v. Wal-Mart Stores, Inc.* — upon which Defendant relies — the stay of production was upheld by the district court because "[t]he defendant asserts that the account of events in plaintiff's complaint is already at odds with the video footage of the incident . . . Accordingly the Court is mindful of the defendant's very real concern that plaintiff's

6

testimony may be affected if she views the footage before her testimony. Thus the defendant has shown good cause for sequencing discovery." *Lang*, No. CV 15-2528, Slip Op. at 2. Facts sufficient to establish good cause, however, distinguish *Lang* from the instant case. Defendant's reliance on *Lang* is therefore misplaced. *See Costa*, 237 F.R.D. at 24 ("Where a specific showing of good cause has been made, Rule 26(c) authorizes the court to issue a protective order. In the absence of such a showing, however, this Court finds that there is no reason to assume automatically that the party whose statements [or actions] have been recorded will have a propensity to fabricate evidence or lie during the course of his or her testimony.").

Although the Court acknowledges the cases cited by Defendant which authorized a stay of discovery of surveillance video until after a party's deposition, the Court finds the reasoning set forth in those decisions unpersuasive. Specifically, the touchstone for determining whether to issue a protective order under Rule 26(c) lies, in the first instance, on a party's ability to establish good cause. That essential condition precedent is lacking here. Conclusory assertions and the "whiff" of possible improprieties on the part of Plaintiff are insufficient to establish good cause. Those assertions, consequently, cannot serve as the necessary factual predicate for a protective order. As the Court in *Rofail* recognized:

> the appropriate case may exist where a stay is warranted. The appropriate case may be where the party in possession of a statement demonstrates good cause for a protective order under Rule 26(c)(2) staying production of a the statement until after the party's deposition. If a balance of the interests favors the party in possession of the statement, the court can exercise discretion to grant the order. But a mere conclusory statement that a party might tailor its testimony to the statement does not establish good cause. This is because the party making the statement has an absolute right to it, and because no discovery of a party, deposition or otherwise, should operate to delay another party's discovery.

*Rofail*, 227 F.R.D. at 59.

"Discovery is not a matter of gamesmanship nor conducted like a game of chess." *Phelan v. Cambell*, No. 9:10-CV-540, 2012 WL 407161, at *2 (N.D.N.Y. Jan. 19, 2012), *report and recommendation adopted*, 2012 WL 407147 (N.D.N.Y. Feb. 8, 2012), *aff'd*, 507 F. App'x 14 (2d Cir. 2013). Rather, the over-arching purpose of the discovery rules is to "encourage the disclosure of information and materials to avoid unnecessary surprise and to level the playing field" for both parties to the litigation. *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013); *see Cornell Research Found., Inc. v. Hewlett-Packard Co.*, No. 5:01CV1974, 2006 WL 5097357, at *8 (N.D.N.Y. Nov. 13, 2006) *order clarified*, 2007 WL 4324094 (N.D.N.Y. May 16, 2007), *aff'd sub nom.*, *Cornell Univ. v. Hewlett-Packard Co.*, 2007 WL 4302778 (N.D.N.Y. July 23, 2007) ("The court has consistently reminded the parties that one of its goals, in carrying out its discovery oversight responsibilities, has been to ensure a level playing field for both sides."); *see also Inferrera v. Wal-Mart Stores, Inc.*, No. CIV. 11-5675, 2011 WL 6372340, at *2 (D.N.J. Dec. 20, 2011) ("The Court will not authorize 'gotcha games.' Defendant's tape will be produced and then plaintiff will be deposed. This is how the orderly progression of civil cases has and will proceed."). In the instant case, the Court, exercising its discretion in managing the discovery process and otherwise finding no good cause to stay production of the surveillance footage in this action DENIES Defendant's motion. Defendant is directed to provide Plaintiff's counsel with a copy of the surveillance video within seven (7) days of the date of this Order.

## IV.   CONCLUSION

Based upon the foregoing analysis, Defendant's motion to stay disclosure of the surveillance footage is DENIED.

The Court will separately enter an Amended Case Management and Scheduling Order based on the entry of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
December 5, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge